# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LORRI L. ALFANO,

    Plaintiff,

  v.

MICHAEL J. ASTRUE,

    Defendant.

Case No. 11-CV-1143

## DECISION AND ORDER ON PLAINTIFF'S
## MOTION TO PROCEED IN FORMA PAUPERIS

The plaintiff, Lorri L. Alfano ("Alfano"), seeks judicial review of the Commissioner of the Social Security Administration's (the "Commissioner") decision denying her application for Social Security disability benefits. (Docket # 1.) This matter comes before the Court on Alfano's motion for leave to proceed in forma pauperis. (Docket # 2.) From the affidavit Alfano has given the Court, I conclude that she is unable to pay the fees and costs of starting the lawsuit. Further, the complaint is not legally frivolous or malicious, does not fail to state a claim on which relief may be granted, and does not seek monetary relief against a defendant who is immune from such relief. Thus, Alfano's motion for leave to proceed in forma pauperis shall be granted.

## ALLEGATIONS OF FACT

In her application and affidavit to proceed in forma pauperis, Alfano states that she is employed and makes $718.00 per month. (Docket # 2 at 2, 4.) Alfano pays $480 per month in rent, $40 per month for the telephone, $390 per month in loan payments, and $100 per month for groceries and medication. (*Id.* at 4.) Alfano is unmarried and has no legal dependents. (*Id.* at 2.)

Alfano owns no vehicles, real estate, any other valuable tangible property, and no intagible property. (*Id.* at 3.) Although Alfano states she does have cash, checking, savings, or other similar accounts, she fails to disclose the total amount of such sums. (*Id.* at 3.) Alfano states that "[a]t the present time I do not even bring home enough income to meet monthly expenses." (*Id.* at 5.)

## DISCUSSION

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed in forma pauperis, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a).

Second, the court must determine whether the action is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous if there is no arguable basis for relief either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain " 'detailed factual allegations,'" a complaint that offers " 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Based on Alfano's affidavit summarized above, I am satisfied that she is indigent for purposes of the in forma pauperis statute.

I next turn to the question of whether Alfano's claim is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The complaint alleges the Commissioner denied Alfano Social Security disability benefits and that plaintiff is appealing from a decision dated July 29, 2010. Alfano has the right, under 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner. Thus, Alfano states a claim upon which relief may be granted.

The standard of review that the district court is to apply in reviewing the Commissioner's decision is whether the decision is supported by "substantial evidence." 42 U.S.C. § 405(g); *Ehrhart v. Sec'y of Health & Human Servs.*, 969 F.2d 534, 538 (7th Cir. 1992). Substantial evidence "means more than a mere scintilla of proof, instead requiring such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ehrhart*, 969 F.2d at 538 (internal quotations omitted). The court, in reviewing the Commissioner's decision, may neither substitute its judgment for the Commissioner's, nor "merely rubber stamp" the Commissioner's decision. *Id.*

The complaint alleges that the Commissioner denied Alfano Social Security disability benefits despite the fact she suffers from debilitating disorders, including major depressive disorder, diabetes, peripheral diabetic neuropathy, spinal stenosis, osteoarthritis in both knees, insomnia, anxiety, and obesity. (Docket # 1 at 3.) Alfano alleges the medical documentation by her physicians supports these conditions. (*Id.* at 3-4.) Alfano further alleges she is unable to engage in any substantial activities due to her conditions and has been limited for a period of over twelve months. (*Id.* at 3.)

The Court has not yet had the opportunity to review the evidence or the Commissioner's decision in the plaintiff's case; thus, it would be inappropriate for the Court to decide at this early juncture that Alfano's claim has no basis in either fact or law. Therefore, the Court finds that there may be a basis in law or in fact for Alfano's appeal of the Commissioner's decision and that her appeal may have merit as defined by 28 U.S.C. § 1915(e)(2)(B)(i).

The Court finds that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. The Court will, therefore, grant the plaintiff's motion for leave to proceed in forma pauperis.

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed **in forma pauperis** (Docket # 2) is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin this 10th day of January, 2012.

BY THE COURT

 s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge